**COURT OF APPEALS
DECISION
DATED AND FILED**

**September 18, 2024**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP2190**

Cir. Ct. No. **2023SC2762**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

DAVID MEYER,

PLAINTIFF-RESPONDENT,

V.

TARIK ESSERAIDI,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Waukesha County: MICHAEL P. MAXWELL, Judge. *Affirmed.*

¶1 LAZAR, J.[1] Tarik Esseraidi, pro se, appeals from an order denying his request for a de novo trial in a small claims action brought against him by

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

David Meyer. The circuit court did not err in determining that Esseraidi's demand for trial after the court commissioner's decision in Meyer's favor was untimely. Therefore, this court affirms.

¶2 Meyer sued Esseraidi for $381.50 after Esseraidi allegedly bought electronics from Meyer at an estate sale and subsequently canceled payment. After a hearing on November 10, 2023, the court commissioner granted judgment in favor of Meyer and dismissed Esseraidi's counterclaim, issuing a written dismissal order reflecting that judgment the same day. Twenty-four days later—on December 4, 2023—Esseraidi filed a demand for trial. On the same day, the circuit court "denied as untimely" the demand for trial without a hearing. Later on December 4, Esseraidi filed his notice of appeal.

¶3 This is a case requiring interpretation and application of a statute, which this court reviews de novo. *Eau Claire Cnty. Dep't Human Servs. v. S.E.*, 2020 WI App 39, ¶12, 392 Wis. 2d 726, 946 N.W.2d 155, *aff'd*, 2021 WI 56, 397 Wis. 2d 462, 960 N.W.2d 391. The procedure for small claims actions is governed by WIS. STAT. ch. 799. *See* WIS. STAT. § 799.01(1)(d). Pursuant to WIS. STAT. § 799.207(2)(b), a party "may file a demand for trial within 10 days from the date of an oral decision or 15 days from the date of mailing of a written decision to prevent the entry of the judgment."

¶4 Esseraidi does not argue that the circuit court's interpretation or application of WIS. STAT. § 799.01(1)(d) is incorrect or that that court erred in concluding that his demand was untimely; he concedes in his brief that his request for trial was "untimely and in fact was requested after the deadline." He further acknowledges that he is "aware of [his] responsibility to figure the legal procedures and navigate the system … for [his] case." Esseraidi's only argument

2

in support of reversal is that "[t]he communication of [his] right to a de novo trial should have been more enhanced …." Esseraidi does not develop this argument or support it with any legal authority. *See* ***State v. Pettit***, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) ("Arguments unsupported by references to legal authority will not be considered."). Moreover, as our supreme court has articulated, even a pro se litigant "must satisfy all procedural requirements" and "neither a trial court nor a reviewing court has a duty to walk *pro se* litigants through the procedural requirements." ***Waushara County v. Graf***, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992).

¶5 The circuit court did not err in determining that the opportunity for a de novo trial was lost when Esseraidi failed to make his demand within ten days of the court commissioner's November 10, 2023 oral ruling. Thus, this court affirms.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.